UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| V. | : | Criminal No. 07-103 (RBW) |
| | : | |
| Spring R. Bartley | : | |
| | : | |
| Defendant | : | |

### STATEMENT OF THE OFFENSE

Introduction

The Supplemental Security Income Program ("SSI") is a means-tested, federally administered income assistance program authorized by title XVI of the Social Security Act. Established in 1972 (Public Law 92-603) and begun in 1974, SSI provides monthly cash payments in accordance with uniform, nationwide eligibility requirements to aged, blind and disabled persons who have limited income and resources, meet the living arrangement requirements, and are otherwise eligible. Children under 18 may qualify for SSI if they meet the applicable SSI disability or blindness and income and resource requirements.

On or about August 23, 1999, defendant SPRING R. BARTLEY applied for SSI benefits on behalf of her cousins, JR, SR and TR, all of whom were under the age of eighteen.

When a child under the age of eighteen is the applicant, and later beneficiary, that child needs to have an adult receive the benefits in his/her name on the child's behalf. This individual is called a Representative Payee who is suppose to use the money for the care of the child.

In order to qualify to be a Representative Payee, an adult must file and sign an application requesting to become a Payee. This application lists all of the responsibilities of a Payee. That person must also be interviewed in person by a Social Security Administration ("SSA") representative at which time they are again notified of their responsibilities, including the proper expenditure of funds and reporting duties required by SSA.

On or about August 23, 1999, the defendant, SPRING R. BARTLEY submitted a written application to become the Representative Payee for the three children. According to the initial applications, which the defendant, SPRING R. BARTLEY signed and dated on or about August 23, 1999, all three children lived with defendant, SPRING R. BARTLEY at 3324 Wheeler Road, S.E., Apartment 102 in Washington, D.C. Defendant, SPRING R. BARTLEY further indicated on the application that she agreed to use all payments made to her as the Representative Payee for the claimant's current needs or (if not currently needed) save them for his/her future needs.

Most importantly, at the time of her application, defendant SPRING R. BARTLEY was told both in writing and verbally that she had a duty to notify the SSA if or when the claimant dies, leaves her custody or otherwise changes his/her living arrangements or when she no longer had responsibility for his/her care and welfare. Defendant SPRING R. BARTLEY agreed both verbally and in writing to do so.

### The Scheme to Defraud

From on or about December 15, 2000 through on or about January 1, 2006, in the District of Columbia and elsewhere, defendant SPRING R. BARTLEY did devise and intend to devise a scheme and artifice to defraud and to knowingly steal approximately $80,113 in money from SSA by means of false and fraudulent pretenses, representations and promises by among other acts, not

disclosing to SSA information regarding her eligibility to receive SSA money on behalf of three disabled children and either depositing the checks into a bank account she controlled or by directing that SSA transmit these funds by electronic and interstate wire to bank accounts she controlled and would convert the money to her own use.

<u>The Manner and Means of the Scheme</u>

On or about December 15, 2000, all three of the children stopped residing with defendant SPRING R. BARTLEY and were otherwise no longer in her care and custody. At that time they were placed in the care and custody of the District of Columbia Child and Family Services (CFS) which assumed full responsibility for the children's housing, financial and other needs.

On or about November 1, 2002, almost two years after TR had ceased residing with her, defendant SPRING R. BARTLEY notified the SSA that TR had moved out. SSI Payments for TR ended, but defendant, SPRING R. BARTLEY continued to receive payments on behalf of JR and SR.

Between on or about December 31, 2000 and on or about November 1, 2001, defendant, SPRING R. BARTLEY, for the purpose of executing the above-described scheme and artifice to defraud, knowingly caused to be placed in a post office or authorized depository for mail matter, three SSI checks each month totaling $17,559 which were to be used for the benefit of TR, SR and JR and which defendant SPRING R. BARTLEY used for her own benefit.

On or about November 8, 2001, defendant SPRING R. BARTLEY contacted the SSA and instructed the SSA to cease mailing the SSI checks for the children, and instead, wire the funds to her bank. The SSA forbids the commingling of funds and requires that a separate account be opened for each individual recipient. Accordingly, the defendant SPRING R. BARTLEY opened three

separate savings accounts for the benefit of each of the children and on or about December 1, 2001, the SSA began wiring the checks to three separate accounts at Riggs Bank, NA (Riggs) which defendant SPRING R. BARTLEY had opened on behalf of the children – that is – to the account of JR, number 64884810; the account of TR, number 64884829; and the account of SR, number 64885370.

Between on or about November 30, 2001 and on or about October 31, 2003, defendant, SPRING R. BARTLEY, for the purpose of executing the above-described scheme and artifice to defraud and attempting to do so, knowingly caused to be transmitted in interstate commerce, by means of wire communications money totaling $32,812 from the SSI program which was placed in the three accounts of defendant SPRING R. BARTLEY at Riggs, which she had opened on behalf of the three children and which were to be used for the benefit of TR, SR and JR and which defendant SPRING R. BARTLEY used for her own benefit. This included a check that was wired on or about October 1, 2002 by SSA from Kansas City, Missouri to TR's Riggs bank account in Washington, DC.

On or about October 29, 2003, defendant SPRING R. BARTLEY notified the SSA to instruct the SSA to stop wiring the SSI checks for SR and JR to the two accounts at Riggs, and instead to mail the checks directly to defendant SPRING R. BARTLEY at her home at 3324 Wheeler Road, S.E., Apartment 102 in Washington, D.C. Accordingly, on or about December 1, 2003, the SSA began mailing the checks to defendant SPRING R. BARTLEY at that address.

Between on or about December 1, 2003 and on or about January 30, 2004, defendant, SPRING R. BARTLEY, for the purpose of executing the above-described scheme and artifice to defraud, knowingly caused to be placed in a post office or authorized depository for mail matter, six

-4-

SSI checks totaling $3,360, which were to be used for the benefit of SR and JR and which defendant SPRING R. BARTLEY used for her own benefit.

In or about February 2004, defendant SPRING R. BARTLEY contacted the SSA and instructed the SSA to stop mailing the SSI checks for SR and JR to defendant SPRING R. BARTLEY's home address; and instead to wire the payments to the two accounts of defendant SPRING R. BARTLEY via direct deposit at Riggs, which accounts she had opened on behalf of SR and JR. Accordingly, on or about March 1, 2004, the SSA began wiring the checks to the two accounts of defendant SPRING R. BARTLEY.

Between on or about March 1, 2004 and on or about June 1, 2005, defendant SPRING R. BARTLEY, for the purpose of executing the above-described scheme and artifice to defraud and attempting to do so, knowingly caused to be transmitted in interstate commerce, by means of wire communications money totaling $18,228 from the SSI program which was placed in the two accounts of defendant SPRING R. BARTLEY at Riggs, which she had opened on behalf of SR and JR, which were to be used for the benefit of SR and JR and which defendant SPRING R. BARTLEY used for her own benefit. This included a check that was wired on or about July 30, 2004 by SSA from Kansas City, Missouri to the JR's Riggs bank account in Washington, DC.

On or about July 1, 2005, PNC Bank (PNC) acquired all of the accounts of Riggs, changed the name of all Riggs Bank Branches to PNC. They also changed the account numbers to 5602168258 for the account of defendant SPRING R. BARTLEY on behalf of SR and 5302168055 for the account of defendant SPRING R. BARTLEY on behalf of JR. Between on or about July 1, 2005 and December 30, 2005, SSI checks totaling $8,154 continued to be wired to the two accounts of defendant SPRING R. BARTLEY at PNC which had been opened on behalf of the SR and JR and

which were to be used for the benefit of SR and JR and which defendant SPRING R. BARTLEY used for her own benefit. This included a check that was wired on or about December 30, 2005 by SSA from Kansas City, Missouri to JR's PNC Bank account in Washington, DC.

Between on or about December 15, 2000 and on or about December 30, 2005, defendant, SPRING R. BARTLEY, having knowledge that TR, SR and JR were no longer in her care or custody and that this fact affected her continued right to SSI benefits on their behalf, concealed or failed to disclose such event with an intent to fraudulently secure a total of approximately $80,113, when no such benefit was authorized by the SSA.

_____
LOUIS RAMOS
Assistant United States Attorney

_____
CHARLES DAUM, Esquire
Attorney for Defendant

_____
SPRING BARTLEY
Defendant

8/28/07
Date

8/28/07
Date